UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
_____

ROBERT GAINES,

                Petitioner,

   -v.-

DANIEL SENKOWSKI, Superintendent,
Clinton Correctional Facility,

                Respondent.
_____

**SUPERCEDING AMENDED**[1]
**MEMORANDUM AND ORDER**
03-CV-3747, 03-CV-3748

**Appearances:**

**For the Petitioner**
**Robert Gaines,** *pro se*
# 00A03756
Clinton Correctional Facility
P.O. Box 2001
Dannemora, NY 12929

**For the Respondent**:
**Kings County District Attorney**
Renaissance Plaza at 350 Jay Street
Brooklyn, NY 11201-2908
By: Ann Bordley, Assistant District Attorney

**HURLEY**, **District Judge**:

       Robert Gaines ("Petitioner") petitions for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, from his November 1, 2001 and June 2, 1999 convictions. For the reasons stated below, the petitions are denied.

---

[1] Pursuant to Federal Rule of Civil Procedure 60(a), a typographical error in the Conclusion of the original Memorandum and Order (doc. #10) is corrected by this Superceding Amended Memorandum and Order (i.e., the second case number identified in the Conclusion). In all other respects the Memorandum and Order is unchanged.

## UNDERLYING FACTS AND PROCEDURAL BACKGROUND

**I.    *The Convictions***

Petitioner was suspected of committing four rapes in Brooklyn, New York ("Kings County") in September and October of 1998. On November 12, 1998, Petitioner was arrested on unrelated charges in Nassau County. The next day, each of the victims of the attacks in Brooklyn identified Petitioner in a lineup in Nassau County as her assailant. The New York City Police Department did not arrest Petitioner at that time and he remained in the custody of Nassau County authorities.

On November 14, 1998, the Kings County District Attorney's Office filed a felony complaint against Petitioner in the Criminal Court of the City of New York, Kings County, charging Petitioner with crimes related to the four Brooklyn victims. The District Attorney's Office then obtained a warrant for Petitioner's arrest.

On November 17, 1998, the Kings County District Attorney's Office began presenting evidence to a grand jury concerning the rapes in Brooklyn. On November 19, 1998, the grand jury voted to indict Petitioner, under the name Bart Roman, on all counts submitted to it. On December 2, 1998, the Criminal Court of the City of New York, Kings County, transferred the case to the Supreme Court, Kings County.

On or after December 7, 1998, the Supreme Court, Kings County issued an order directing the Nassau County Correctional Facility to transfer Petitioner to the custody of the Commissioner of Correction of the City of New York and to produce Petitioner on December 21, 1998, in the Supreme Court building in Brooklyn. Pursuant to that order, Petitioner was so produced and was arrested for the rapes in Brooklyn. On December 24, 1998, the Supreme

Court, Kings County arraigned Petitioner on the indictment.

By motion dated February 3, 1999, Petitioner moved to dismiss the indictment on two grounds: (1) the People erred by failing to arrange Petitioner's arraignment on the felony complaint; and (2) the People violated Criminal Procedure Law § 190.50(5)(a) by failing to serve notice on Petitioner of the grand jury proceeding. On February 19, 1999, the Supreme Court, Kings County, denied Petitioner's motion.

Thereafter, Petitioner moved to sever the counts of the indictment. On May 3, 1999, the Supreme Court, Kings County granted Petitioner's motion, ruling that the trials pertaining to each of the four victims would be tried separately.

At the conclusion of the first jury trial, Petitioner was convicted of one count each of sodomy in the first degree (N.Y. Penal Law § 130.50[1]), attempted rape in the first degree (N.Y Penal Law §§ 110.00/130.35[1]), sexual abuse in the first degree (N.Y. Penal Law § 130.65[1]), and robbery in the third degree (N.Y. Penal Law § 160.05). On June 2, 1999, Petitioner was sentenced, as a persistent felony offender, to consecutive sentences of twenty-five years to life on the sodomy and attempted rape counts and twelve years to life on the sexual abuse count. Petitioner was sentenced, as a second felony offender, to a consecutive sentence of three and one-half to seven years on the robbery count.

At the conclusion of the second jury trial, Petitioner was convicted of two counts of rape in the first degree (N.Y. Penal Law § 130.35[1]), one count of sodomy in the first degree (N.Y. Penal Law § 130.50[1]), and four counts of sexual abuse in the first degree (N.Y. Penal Law § 130.65[1]). On November 1, 1999, Petitioner was sentenced, as a persistent violent felony offender, to consecutive sentences of twenty-five years to life on the rape and sodomy counts.

Petitioner was sentenced, as a persistent violent felony offender, to prison terms of twelve years to life on the sexual abuse counts, which were ordered to run concurrently with each other and with the sentence on the first rape count. The court ordered all of these sentences to run consecutively to Petitioner's sentences imposed on June 2, 1999.

After these two trials, the counts concerning the other two Brooklyn victims were dismissed.

## II. *Petitioner's Direct Appeals*

Petitioner appealed both his June 2, 1999 and November 1, 1999 judgments of conviction to the Appellate Division, Second Department. In his brief concerning the June 2nd conviction, Petitioner raised the following two claims:

> 1. After commencing a criminal action against [Petitioner] by filing a felony complaint that vested subject matter jurisdiction with the court and obligated the People to return [Petitioner] for arraignment, the People failed to discharge that duty and presented [Petitioner's] case to the grand jury without notice to him of the proceeding, thus rendering the indictment (A) jurisdictionally defective, because it issued in contravention of the power of the criminal court to determine whether [Petitioner] should be held for the action of the grand jury, and (B) procedurally defective, because the People obtained the indictment in violation of [Petitioner's] right to testify before that body.
>
> 2. [Petitioner's] sentence as a persistent violent felon pursuant to P.L. §70.08 and C.P.L. §400.16 violates his right to a jury trial, since the enhanced sentence was based upon factual findings made by the Court, rather than the jury, that he had committed two previous violent felony convictions.

(Resp't's Ex. D, at I-ii (citations omitted).)

In his brief concerning the November 1, 1999 conviction, Petitioner raised the

4

same two claims as set forth above. Petitioner also raised the following additional argument:

> 3. The Court violated [Petitioner's] right to counsel and his due process right to a fair trial when it instructed the venire that defense counsel would supply them with arguments as to why they should not be convinced of [Petitioner's] guilt beyond a reasonable doubt and then denigrated counsel before the venire in response to counsel's questioning of prospective jurors concerning whether they understood the defense bore no burden in the case.

(Resp't's Ex. E, at ii (citations omitted).)

On March 11, 2002, the Appellate Division affirmed both of Petitioner's judgments of conviction. *See People v. Roman*, 738 N.Y.S.2d 866 (2d Dep't 2002); *People v. Roman*, 738 N.Y.S.2d 867 (2d Dep't 2002). In its decision regarding the June 2, 1999 conviction, the court simply noted that Petitioner's "contentions are without merit," *Roman*, 738 N.Y.S.2d at 867, and cited its opinion concerning Petitioner's November 1, 1999 conviction. In this latter decision, the court stated as follows:

> On November 14, 1998, a felony complaint was filed against the defendant in the Criminal Court, Kings County, while he was in custody on an unrelated charge in Nassau County. On November 19, 1998, a Kings County Grand Jury voted to indict the defendant, and the case was transferred to the Supreme Court. The defendant was then brought to Kings County, arrested, and arraigned on the indictment. Contrary to the defendant's contention, he was not entitled to notice of the Grand Jury proceeding since he had not yet been arraigned on the felony complaint (*see* CPL 190.50[5][a]; *People v. Jones*, 281 A.D.2d 185, 721 N.Y.S.2d 522; *People v. Brooks*, 247 A.D.2d 486, 669 N.Y.S.2d 294; *People v. Munoz*, 207 A.D.2d 418, 615 N.Y.S.2d 730).
>
> There is no merit to the defendant's contention that the trial court impermissibly disparaged the defense counsel during voir dire so as to deprive the defendant of a fair trial. Rather, the court was clarifying matters for the prospective jurors, who were confused by a hypothetical posed by the defense counsel. Nor did the court's

> comments improperly shift the burden of proof. The court
> repeatedly instructed the jurors that the burden of proof was on the
> People ( *see, People v. Brown,* 150 A.D.2d 472, 473, 541 N.Y.S.2d
> 74).
>
> The defendant's contention that his adjudication as a persistent
> violent felony offender violated his right to a jury trial is
> unpreserved for appellate review and, in any event, without merit
> *(see, People v. Rosen,* 96 N.Y.2d 329, 728 N.Y.S.2d 407, 752
> N.E.2d 844, *cert. denied* 534 U.S. 899, 122 S.Ct. 224, 151 L.Ed.2d
> 160; *People v. Rice,* 285 A.D.2d 617, 728 N.Y.S.2d 376, *lv.
> denied*, 97 N.Y.2d 642, 735 N.Y.S.2d 499, 761 N.E.2d 4).
>
> The defendant's remaining contentions are without merit.

*Roman*, 738 N.Y.S.2d at 867-68.

By letters dated April 19, 2002, and May 16, 2002, Petitioner, represented by counsel, requested permission to appeal to the New York Court of Appeals from both judgments of conviction. In his leave application, he raised only one of the three claims that he had presented to the Appellate Division. Specifically, he argued that the People erred by failing to promptly arrange his arraignment on the felony complaint. On July 25, 2002, the Court of Appeals denied Petitioner's requests. *See People v. Gaines*, 98 N.Y.2d 697 (2002); *People v. Gaines*, 98 N.Y.2d 701 (2002).

### III.    *The Instant Petitions*

On July 25, 2003, Petitioner filed the instant petitions. In case number 03-CV-3747, Petitioner seeks to vacate his judgment of conviction dated June 2, 1999. In his application, he raises the same two claims that he presented to the Appellate Division regarding this conviction, i.e., (1) that the People erred by failing to notify him of the grand jury proceedings; and (2) his sentence as a persistent violent felony offender violated his right to a

jury trial.

In case number 03-CV-3748, Petitioner seeks to vacate his judgment of conviction dated November 1, 1999. In this application, he raises the same three claims that he presented to the Appellate Division concerning this conviction, i.e., the same two arguments raised in his other petition as well as his claim that the trial court impermissibly disparaged defense counsel during voir dire.

**DISCUSSION**

**I.**     *Claims that are Procedurally Barred*

Under 28 U.S.C. § 2254, a federal court may not grant habeas relief to a petitioner unless he or she has exhausted state remedies. 28 U.S.C. § 2254(b)(1)(A); *see also Galdamez v. Keane,* 394 F.3d 68, 73 (2d Cir. 2005). A petitioner exhausts state remedies when he or she "has: (i) presented the federal constitutional claim asserted in the petition to the highest state court (after preserving it as required by state law in lower courts) and (ii) informed that court (and lower courts) about both the factual and legal bases for the federal claim." *Ramirez v. Attorney Gen.*, 280 F.3d 87, 94 (2d Cir. 2001) (citations omitted).

"Even if a federal claim has not been presented to the highest state court or preserved in lower state courts under state law, it will be deemed exhausted if it is, as a result, then procedurally barred under state law." *Id.* Federal review of such claims may only be had where the petitioner can demonstrate cause for the default and prejudice, or demonstrate that failure to consider the claim will result in a miscarriage of justice. *Aparicio v. Artuz*, 269 F.3d 78, 90 (2d Cir. 2001) (citing *Coleman v. Thompson*, 501 U.S. 722, 748-50 (1991)).

Here, Petitioner's letters seeking leave to appeal to the New York Court of Appeals were filed by his appellate attorney. In these letters, counsel raises only one argument, viz. that the People erred by failing to promptly arrange Petitioner's arraignment on the felony complaint. Counsel did not raise Petitioner's claim concerning the trial court's comments during voir dire nor his claim relating to his sentence as a persistent violent felony offender. Although counsel did enclose a copy of the briefs filed before the Appellate Division, by specifically raising only one claim in his letter application, the two claims not mentioned are deemed abandoned as they were not fairly presented to the Court of Appeals. *See Grey v. Hoke*, 933 F.2d 117, 1209 (2d Cir. 1991) ("The fair import of petitioner's submission to the Court of Appeals, consisting of his brief to the Appellate Division that raised three claims and a letter to the Court of Appeals arguing only one of them, was that the other two had been abandoned.").[2] Therefore, these claims are unexhausted.

Petitioner, however, cannot return to the Court of Appeals to exhaust these claims because he already made the one application for leave to appeal that New York law allows. *See Lurie v. Wittner*, 228 F.3d 113, 124 (2d Cir. 2000). Moreover, because the Appellate Division dismissed these claims on the merits, Petitioner is precluded from raising them on collateral attack. *See* N.Y. Crim. Proc. Law § 440.10(2)(a); *see also Grey*, 933 F.2d at 120. Because Petitioner's claims are therefore procedurally barred in state court, this Court may not review them unless Petitioner shows "cause for the default and actual prejudice" or a "fundamental miscarriage of justice." *Coleman*, 501 U.S. at 750 (1991).

---

[2] Had there been no specific ground advanced in counsel's letter, all of the issues raised in the briefs would be deemed fairly presented. *See Galdamez*, 394 F.3d at 74-76.

Here, Petitioner has not attempted to demonstrate either cause or prejudice for the default and nothing in his submissions suggests that he could meet his burden of doing so.[3] Nor would the failure to consider these two claims result in a fundamental miscarriage of justice. A "miscarriage of justice occurs" only "where a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Murray v. Carrier,* 477 U.S. 478, 496 (1986); *see Sawyer v. Whitley,* 505 U.S. 333, 336 (1992) (in order to show a fundamental miscarriage of justice, "one must show by clear and convincing evidence that but for a constitutional error, no reasonable juror would have found the petitioner [guilty]."). No such showing has been made in this case. Therefore, this Court is barred from reviewing these two claims and they are dismissed.

## II.     *Claim that is Dismissed on the Merits*

### A.     *Standard of Law*

Under the provisions of Section 2254(d), a habeas corpus application must be denied unless the state court's adjudication of the claim either "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court," or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d)(1), (2).

---

[3] As a general proposition, "cause" may be demonstrated by showing that the procedural default is the result of ineffective assistance of appellate counsel. *See Edwards v. Carpenter*, 529 U.S. 446, 451 (2000). Where, however, the alleged ineffective assistance involves a discretionary appeal, such as an appeal to the New York Court of Appeals, there is no constitutional right to counsel and any error by counsel cannot be considered cause sufficient to excuse a procedural default. *See Chalk v. Kuhlmann,* 311 F.3d 525, 528 (2d Cir. 2002) (citing *Coleman,* 501 U.S. at 756-57).

A decision is "contrary to" established Federal law if it either "applies a rule that contradicts the governing law set forth in" a Supreme Court case, or if it "confronts a set of facts that are materially indistinguishable from a decision of [the Supreme Court] and nevertheless arrives at a result different from [their] precedent." *Penry v. Johnson*, 532 U.S. 782, 792 (2001) (citing *Williams v. Taylor*, 529 U.S. 362 (2000)); *see also Sevencan v. Herbert*, 342 F.3d 69, 74 (2d Cir. 2003) ("'2254(d)(1) restricts the source of clearly established law to [the Supreme Court's] jurisprudence'") (quoting *Williams*, 529 U.S. at 412). A decision is an "unreasonable application of" clearly established Supreme Court precedent if it "correctly identifies the governing legal rule but applies it unreasonably to the facts of a particular prisoner's case." *Id.*

**B.** ***The Grand Jury Claim***

Petitioner's final claim, which was the only one asserted in his leave application to the New York Court of Appeals, is that the People violated his constitutional rights by failing to arrange for his prompt arraignment on the felony complaint and thereby deprived him of notice of the grand jury proceedings. New York Criminal Procedure Law § 190.50(5)(a) provides that the People are required to provide a defendant with notice of a grand jury proceeding only when the defendant has been arraigned on a felony complaint. Here, the felony complaint was filed on November 14, 2006, the grand jury filed the indictment on November 24, 1998, and Petitioner was arraigned on December 24, 1998.

In denying Petitioner's appeal, the Appellate Division held that "[c]ontrary to the [Petitioner's] contention, he was not entitled to notice of the Grand Jury proceeding since he had not yet been arraigned on the felony complaint." *Roman*, 738 N.Y.S.2d at 867 (citing N.Y. Crim. Proc. Law § 190.50(5)(a)). Petitioner concedes that section 190.50 requires notice only after an

10

arraignment on a felony complaint. He argues, however, that this limitation was not intended to allow the People to avoid the notice requirement by simply delaying an arraignment.

Petitioner's claim fails for two reasons. First, to the extent he argues that the indictment was jurisdictionally defective based on his failure to receive notice of the grand jury proceeding, there is nothing to indicate that the procedure followed in this case, which was in compliance with the New York statute, violated any Supreme Court precedents. Thus, it cannot be said to be contrary to clearly established federal law pursuant to 28 U.S.C. § 2254(d)(1).

Next, to the extent Petitioner claims he was prejudiced by this lack of notice, any deficiencies in the grand jury proceedings were rendered harmless by Petitioner's conviction at trial by a jury assessing Petitioner's guilt under a heightened standard of proof and thus would not entitle Petitioner to habeas relief. *See Lopez v. Riley*, 865 F.2d 30, 32 (2d Cir. 1989) (finding grand jury claims not cognizable under 28 U.S.C. § 2254). Accordingly, this claim is dismissed.

## CONCLUSION

For the foregoing reasons, the petition filed in case number 03-CV-3747 and the petition filed in case number 03-CV-3748 are denied. The Clerk of the Court is directed to close both cases.

**SO ORDERED**.

Dated: Central Islip, N.Y.
November 3, 2006

/s/_____
Denis R. Hurley,
United States District Judge